UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HAROLD WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01606-SEB-TAB |
| ) | |
| CENTURION OF INDIANA, LLC et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADDRESSING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Harold Warren is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). After screening his complaint pursuant 28 U.S.C. § 1915A(b), the Court allowed his Eighth and First Amendment claims to proceed against Defendants. Dkt. 16. Specifically, Mr. Warren alleges that Defendants were deliberately indifferent to his serious shoulder injury, denying and delaying treatment for over three years. *Id.* at 4. Certain Defendants also retaliated against him when he filed grievances. *Id*. He also alleges *Monell* claims against Centurion, claiming that their cost-cutting practices led to the Defendants' deliberate indifference towards his medical needs. *Id*. The Court now addresses Mr. Warren's motions for preliminary injunction and his motion for leave to file a surreply.

**I.      Motion for Leave to File a Surreply**

Mr. Warren's motion for leave to file a surreply is **granted**, dkt. [29], to the extent that the Court construes his motion as a reply to Defendant's response at dkt. 27. The parties have not yet filed motions for summary judgment so the Local Rule governing surreplies does not apply. *See* S.D. Ind. Local Rule 56-1.

1

## II.     Motions for Preliminary Injunction

Mr. Warren has filed three motions for injunctive relief. First, on September 16, 2024, Mr. Warren filed a motion for preliminary injunction and a temporary restraining order seeking immediate medical care, surgery to his right shoulder and later to his left shoulder, and to be moved back to the Medical Ward at PCF. Dkt. 5.[1] Mr. Warren argued that he had been promised surgery and approved by Nurse Practitioner Mabandla in February of 2024. *Id.*, ¶ 10. Nevertheless, Defendants continued delaying and denying his treatment. *Id.*, ¶¶ 11–12. At the time of filing, he had not been scheduled to see a heart specialist to clear him for surgery and he still had not received any information about scheduling a surgery. *Id.*, ¶ 10. Furthermore, he had been removed from the Medical Ward and transferred to a general population dorm, which caused him to have to walk a long distance to receive medical care. *Id.*, ¶ 21.[2] He asked the Court to "end these roadblocks and provide surgery on both shoulders in order to stop the pain and suffering." *Id.*, ¶ 22.

On February 14, 2025, Mr. Warren filed a motion for preliminary injunction asking the Court to order Defendants to move him and others back to the Medical Ward at PCF. Dkt. 15. Mr. Warren claims that he was moved into the Medical Ward in January 2025, but then transferred back into K-dorm in the general population on February 1, 2025. *Id.*, ¶¶ 6–7. Mr. Warren argued

---

[1] Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Plaintiff's motions for a temporary restraining order seek to mandate surgery and prohibit transfer to another facility. Given the substance of the relief sought, the motions for a temporary restraining order are better understood as motions for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

[2] The parties dispute whether there is such a thing as a "Medical Ward" or an "Infirmary Ward" at PCF. *See* dkt. 27-2, ¶ 7; dkt. 27 at 11; dkt. 29, ¶ 20. Whether the dormitory Mr. Warren describes is properly called a "Medical Ward" or an "Infirmary Ward" or a "general population dorm area" that was "re-purposed" is beyond the scope of this case. For the sake of consistency, the Court uses the term "Medical Ward."

that he would suffer irreparable harm if he were not moved back to the Medical Ward because he needed the facilities for any post-operative care following a shoulder surgery. *Id.* ¶ 10. Furthermore, by residing in K-dorm, he and other inmates have to walk a long distance to receive medical care back in the Medical Ward and the Centurion Defendants have denied wheelchair passes in the past. *Id.*, ¶ 7. Because of Mr. Warren's shoulder problems and other health issues, he has to have easy access to medical care at PCF. *Id.* He believes that he was moved back to K-dorm because Deputy Warden Andrew Cole and other IDOC officials moved a drug rehabilitation program to what formerly was the Medical Ward. *Id.*, ¶ 9. When this happened, Mr. Warren and other individuals who used to reside in the Medical Ward were moved to general population dorms. *Id.*

Last, on May 5, 2025, Mr. Warren filed a motion for preliminary injunction and temporary restraining order, requesting that he not be transferred from PCF. Dkt. 30. Mr. Warren argues that PCF *can* accommodate his needs after shoulder surgery. *Id.*, ¶ 10. Furthermore, Mr. Warren was recently moved to a 15-man dorm that is adequately equipped for people with disabilities and he believes that he will receive adequate medical care there. *Id.*, ¶ 11. Mr. Warren does not want to transfer from PCF because his brother is there and his family lives very close. *Id.*, ¶ 12.

The Court discusses each motion below.

### A. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628,

3

637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020).

### B. Immediate Medical Care and Surgery

Mr. Warren's motion for preliminary injunction at dkt. [5] is **granted** only to the extent that Defendants' response indicates that they are working with Eskenazi Orthopedics to schedule a right shoulder total arthroplasty, effectively providing the relief that Mr. Warren requests. Dkt. 27 at 5. Defendants contend that scheduling and arranging for the surgery has taken time for two reasons. First, Mr. Warren has comorbidities that needed to be addressed before he could be cleared for surgery. *Id.* at 3–4. Second, Mr. Warren will need substantial post-operative care that cannot be provided at PCF and Defendants do not have the authority to order a transfer since they are Centurion providers. *Id.* at 5–6. Thus, they have to work with IDOC officials to facilitate any transfers or housing requests. *Id.* Nevertheless, despite the delays, in March 2025, Mr. Warren was taken to Eskenazi Health for an orthopedic consultation and in a follow-up appointment, he elected to have surgery. Dkt. 27-1, ¶ 20; dkt. 27-1 at 31–36. Since then, Defendants have worked with Eskenazi Orthopedics to schedule the surgery and arrange for after care. *Id.*, ¶ 21–24; dkt. 27-1 at 32–41. Thus, Defendants have already provided Mr. Warren with the relief that he sought in his September 16, 2024 motion.

Because of the nature of Mr. Warren's claims, **the Court orders** Defendants to file a status update by **June 16, 2025**, describing the progress being made towards adequately handling Mr. Warren's right shoulder injury.

Importantly, Mr. Warren's motion at dkt. 5 is only granted to the extent that Defendants are ordered to provide a status update about the right shoulder total arthroplasty surgery by June 16, 2025. The motion is not granted with respect to his request for surgery to his left shoulder "later." *See* dkt. 5 at 1. The Prison Litigation Reform Act ("PLRA") provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Mays v. Dart*, 974 F.3d 810, 820–21 (7th Cir. 2020).[3] "Mandatory preliminary injunctions" requiring affirmative acts are viewed with particular caution and have been "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Here, Mr. Warren asks the Court to order Defendants to "end roadblocks" to surgery on his left shoulder "later" in the future. Dkt. 5, ¶ 22; dkt. 5 at 1. This kind of broad relief for possible harm in the future is precisely the kind of relief that the PLRA prohibits as it would interfere with prison official's discretion over administering medical care. *See Rasho v. Jeffreys*, 22 F.4th 703, 713 (7th Cir. 2022) (vacating a district court's injunction as overly broad and intrusive when it, among other things, required class members to be examined by a mental health staff member at least every 7 days); *see also Bell v. Wexford Health Source, Inc.*, 2021 WL 4267503, at *1, 4 (N.D. Ill. Sept. 17, 2021) (denying the plaintiff's motion for preliminary injunction as insufficiently

---

[3] "[C]omplaints about medical treatment in prison are complaints about 'prison conditions.'" *Witzke v. Femal*, 376 F.3d 744, 751 (7th Cir. 2004).

5

narrow under the PLRA when it asked Defendants to "facilitate, in a timely manner, appropriate medical care and follow-up treatment for Plaintiff's condition.").

Furthermore, as will be discussed below, his motion at dkt. 5 is denied with respect to his request to transfer to the Medical Ward at PCF.

C. **Transfer to Infirmary Ward or Medical Ward**

Mr. Warren's motion for preliminary injunction asking the Court to order Defendants to move him and others back to the Medical Ward at PCF is **denied as moot**. Dkt. 15. Mr. Warren's latest motion for preliminary injunction shows that he has been transferred to a unit in PCF that he believes is adequate for his medical needs. Dkt. 30; dkt. 29, ¶ 17. Indeed, he asks the Court to enjoin Defendants from transferring him away from his current unit. Thus, because Mr. Warren is no longer suffering the harm alleged in his motion, the Court must deny it as moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (stating that a case seeking injunctive relief becomes moot "once the threat of the act sought to be enjoined dissipates").

To the extent that Mr. Warren sought relief for other people who were formerly housed in the Medical Ward, his request is **denied**. The Court only has jurisdiction over the litigants and claims in this case. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

D. **Transfer from PCF**

The Court **denies** Mr. Warren's motion for preliminary injunction and temporary restraining order, dkt. [30], requesting that he remain at PCF.

First, as mentioned above, the PLRA limits the kind of injunctive relief district courts can grant. *See Westefer*, 682 F.3d at 681. The Seventh Circuit has recognized "the Supreme Court's express disapproval of excessive judicial involvement in day-to-day prison management, which often squander[s] judicial resources with little offsetting benefit to anyone." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020) (internal quotations omitted). "We are not super-wardens who sit to critique the efficacy or wisdom of prison management choices." *Id*. The Supreme Court has instead sought "to afford appropriate deference and flexibility to state officials trying to manage a volatile environment, especially with regard to the ordinary incidents of prison life." *Thielman v. Leean*, 282 F.3d 478, 483 (7th Cir. 2002) (internal quotation omitted).

Here, Mr. Warren has not demonstrated that he will suffer irreparable harm in a way that would require the Court to interfere with the prison's decisions about housing. Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). Mr. Warren must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* This requires "more than a mere possibility of harm." *Id.* (internal quotation and citation omitted). Indeed, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Mr. Warren has not met this high threshold. He has argued that he has the care he needs in his current facility and that he does not want to transfer because he is close to his brother and the rest of his family. Dkt. 30, ¶¶ 11–12; dkt. 29, ¶ 17. Even though Mr. Warren's concerns about

7

proximity to his family are valid, they do not present the kind of irreparable harm that warrants a district court's intervention into the administration of prisons.

Moreover, Defendants' response shows that PCF does not have the ability to accommodate Mr. Warren after his surgery. Indeed, they attached an email from a nurse at Ezkenazi Health saying that PCF told them on April 9, 2025 that "they CANNOT accommodate individual assistance for [assisted daily living] . . . at their facility. However, if we send the recommendations, they can look into having Harold Warren transferred to another facility that can." Dkt. 27-1 at 37. As such, any transfer would be for the sake of ensuring that Mr. Warren receives adequate healthcare.

In his reply, Mr. Warren points out that PCF confirmed in an email to Eskenazi Health on March 19, 2025, that they can provide access to physical therapy every Sunday and that he will be able to "successfully rehab" if he has surgery. *See* dkt. 30, ¶; dkt. 31, ¶ 19. Nevertheless, even if PCF can provide physical therapy, it is not up to the Court to tell Defendants exactly how to treat Mr. Warren. *See Bell*, 2021 WL 4267503, at *5 ("Plaintiff here may disagree with his providers as to treatment, but a 'prisoner may not dictate his own course of treatment.'") (quoting *Page v. Obaisi*, 318 F. Supp. 3d 1094, 1103 (N.D. Ill. 2018); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (a disagreement with medical professionals about treatment does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. (1976)).

### III.     Conclusion

Mr. Warren's motion for leave to file a surreply is **granted**, dkt. [29], to the extent that the Court construes his motion as a reply to Defendant's response to his motions for preliminary injunction at dkt. 27.

Mr. Warren's motion for preliminary injunction at dkt. [5] is **granted** only to the extent that Defendants' response indicates that they are coordinating a right shoulder total arthroplasty with medical providers. The Court **orders** Defendants to file a status update by **June 16, 2025**, describing the progress being made towards adequately handling Mr. Warren's right shoulder injury.

Mr. Warren's motion for preliminary injunction, dkt. [15] is **denied as moot**. The Court **denies** Mr. Warren's motions for preliminary injunction and temporary restraining order, dkt. [30].

IT IS SO ORDERED.

Date: 5/13/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HAROLD WARREN
104516
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Douglas Becsey
ZEIGLER COHEN & KOCH
dbecsey@zcklaw.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com